# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>DANIEL DRAPER,<br><br>        Defendant. | 3:12-cv-00004-RCJ-VPC<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 127). For the reasons contained herein, the Court denies the Motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On January 16, 2014, a jury found Defendant Daniel Draper guilty of voluntary manslaughter and for using a firearm during a crime of violence causing death. (ECF No. 91). Defendant was thereafter sentenced to 360 months in prison, to be followed by three years supervised release. (ECF No. 114). Defendant appealed his conviction and sentencing, arguing that this Court had erred in denying Defendant's request to admit evidence of his victim's arrest warrants and prior criminal behavior and in imposing the statutory maximum for the offenses. The Ninth Circuit Court of Appeals affirmed the Court's rulings as well as Defendant's sentence. (ECF No. 122). On June 4, 2015, Defendant filed the present Motion to Vacate.

Defendant raises four grounds challenging his conviction and sentencing under § 2255. The first three grounds all allege ineffective assistance of counsel as to Defendant's two trial attorneys and as to his attorney on appeal. (*See* Mot. to Vacate 5–8, ECF No. 127). The fourth ground claims that the Court improperly sentenced Defendant and mistakenly limited the admission of evidence that Defendant claims supported his theory of self-defense. (*Id.* at 9).

## II.    GROUNDS 1–3

Defendant in the present Motion raises for the first time that he suffered ineffective assistance of counsel as to his trial attorneys, Michael Kennedy and John Stevenson. Defendant claims these arguments were not presented during his direct appeal because of the ineffective assistance of his appellate counsel, Loren Graham, who, Defendant claims, also failed to properly communicate with Defendant during the appeal process.

Substantive legal arguments not raised on direct appeal are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to the procedural default rule when a defendant can show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)). This has been the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, and a "reasonable unavailability of the factual or legal basis for the claim," *McCleskey*, 499 U.S. at 494.

2

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–97 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally defaulted, and such claims can be brought for the first time under a § 2255 motion even if they could also have been brought on direct appeal. *Massaro*, 528 U.S. at 504. Ineffective assistance of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claims. The prejudice required is the same, but the cause is based specifically on constitutionally deficient counsel rather than some other miscellaneous "objective factor external to the defense." *McCleskey*, 499 U.S. at 493.

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriving the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The trial or appeal must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance

3

unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. V. Osborne*, 557 U.S. 52, 85–86 (2009).

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

The Court finds that appellate counsel's failure to raise the ineffective assistance claims during direct appeal does not constitute "cause and prejudice," which means that those claims are procedurally defaulted. Defendant argues that Graham shirked his duty of properly communicating with him during the appeal and that Graham did not argue "all the points" that Defendant "wanted him to." (Mot. to Vacate 8). Defendant complains that Graham did not know what issue to pursue at the Ninth Circuit, including challenges to the performance of Defendant's trial counsel.

Counsel certainly has a responsibility to communicate with a client and include that client in the decision making process where appropriate. *See Matter of Francovich*, 575 P.2d 931, 932 (Nev. 1978). However, even if the Court were to find that Graham's performance was lacking, Defendant has not demonstrated prejudice. The deficiencies Defendant claims in both Kennedy's and Stevenson's representation of him relates to their alleged failure to present evidence supportive of Defendant's self-defense theory. (*See* Mot. to Vacate 5–6). But it was the Court's rejection of this defense, not counsel's failure to secure certain evidence that resulted in

the evidence not going before the jury.  Thus, even had Graham included Defendant's contentions regarding his trial counsel on direct appeal, there is not a reasonable probability that the Court of Appeals would have ruled any differently.

Furthermore, Defendant has not established that Graham performed deficiently in other aspects of the appeal.  It is clear from the Ninth Circuit's opinion that Graham argued against both the Court's ruling on the self-defense theory and against Defendant's sentence. (*See* 9th Cir.'s Op. 3–4).  It is therefore apparent that Graham did in fact address the "trial injustices" Defendant claims he suffered, (Mot. to Vacate 8), despite Defendant's arguments to the contrary.  And even if Graham chose not to argue every point that Defendant disagreed with during the trial, there is no indication that such choices were anything more than tactical decisions.  Therefore, the Court finds that Defendant has failed to show that he suffered ineffective assistance of counsel as to Graham's representation.

**III.    GROUND 4**

Defendant's fourth ground for vacating rests on this Court's ruling on evidentiary issues related to the theory of self-defense and also on its imposing the maximum sentencing. (*Id.* at 9). Both of these arguments are precluded by res judicata.  "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  "The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Glickman*, 123 F.3d at 1192).

On appeal, Defendant challenged the Court's decision on the self-defense theory as well as the sentence imposed.  As to the self-defense theory, the Ninth Circuit held that the admission

of any additional evidence regarding the victim's background would not have changed the jury's verdict. (9th Cir. Op. 2). "The evidence at trial overwhelmingly negated the second prong of the test for self-defense—whether Draper used no more force than was reasonably necessary." (*Id.* at 3–5). As to the sentencing, the Ninth Circuit held that there was no procedural error in the Court's not "explicitly address[ing] every factor raised by the defense" and that "although the sentence was six years above the high end of the applicable guidelines range, it was not substantively unreasonable." (*Id.* at 4). Thus, since the Ninth Circuit already ruled on the merits of the claims Defendant now raises in the instant Motion, they are barred by the doctrine of res judicata.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Vacate (ECF No. 127) is DENIED.

IT IS SO ORDERED.


Dated:  June 16, 2015         _____

_____
ROBERT C. JONES
United States District Judge