# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00004-RCJ-VPC |
| vs. ) | |
| ) | |
| DANIEL DRAPER, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

A grand jury indicted Defendant Daniel Draper of murder under 18 U.S.C. § 1111 and use of a firearm during a crime of violence causing death under §§ 924(c)(1)(A) and 924(j). (*See* Superseding Indictment, ECF No. 51). A jury convicted Defendant of the lesser included offense of voluntary manslaughter under § 1112 and the § 924 offense, and the Court sentenced him to 180 months imprisonment on each count, to be served consecutively. (*See* J. 1–2, ECF No. 114). The Court of Appeals affirmed. The Court denied a habeas corpus motion under 28 U.S.C. § 2255, and both this Court and the Court of Appeals denied a certificate of appealability.

Defendant has received leave from the Court of Appeals to file a successive habeas corpus motion. Defendant's motion is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*). Defendant argues the voluntary manslaughter conviction forming the basis for his conviction under § 924 was not a "crime of violence" under 18 U.S.C. § 924(c)(3) because the residual clause defining "crime of violence" is similar to the residual clause of § 924(e)(2), which the Supreme Court has struck down as unconstitutionally vague. *See Johnson II*, 135 S. Ct. at 2563. The definition of "crime of violence" applied to Defendant reads as follows, with the

allegedly unconstitutionally vague residual clause emphasized:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 924(c)(3)(A)–(B) (emphasis added).  The definition of "violent felony" at issue in *Johnson* reads as follows, with the unconstitutionally vague residual clause emphasized:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added).  The language of the two clauses is not identical, but even assuming for the sake of argument that the difference in language is not enough to rescue § 924(c)(3)(B) from constitutional infirmity, *Johnson II* is no aid to Defendant, because the physical-force clause of § 924(c)(3)(A) applies here.

Manslaughter under § 1112 "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 924(c)(3)(A), because it requires an "unlawful killing," § 1112(a).  The Supreme Court has ruled that the "physical force" required is "physical force capable of causing physical pain or injury to another person." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 138 (2010) (interpreting the analogous physical force clause under § 924(e)(2)(B)(i)).  *Johnson I* does not prevent a homicide crime from being a categorical

crime of violence under the physical force clause, because it is not possible to kill a person without exerting "physical force capable of causing physical pain or injury." If the force required for a conviction of manslaughter must necessarily cause death, it must also necessarily be capable of causing injury.

Moreover, Congress has explicitly included "manslaughter other than involuntary manslaughter (as described in section 1112)" under the definition of "serious violent felony" for the purposes of the three-strikes rule for mandatory life imprisonment. *See* 18 U.S.C. § 3559(c)(2)(F)(i). The unavoidable conclusion is that Congress intended to include voluntary manslaughter under the definitions of "crime of violence" and "violent felony," as well. Indeed, voluntary manslaughter is viewed by Congress not only as "violent," but "serious[ly]" so. It is difficult to conceive how Congress could have explicitly categorized voluntary manslaughter under § 1112 as a "serious violent felony" helping to support a mandatory life sentence while not intending it to qualify as a "crime of violence" so as to support a relatively minor sentencing enhancement.

Force under the physical force clause must also be intentional, not merely negligent or reckless. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc). Although the Court of Appeals has noted that a defendant might be convicted for voluntary manslaughter under § 1112 without an intent to kill, i.e., where he kills recklessly but upon passion instead of malice, *see United States v. Paul*, 37 F.3d 496, 499 n.1 (9th Cir. 1994), another panel previously noted that a conviction for voluntary manslaughter under § 1112 as a lesser included offense of murder under § 1111, as here, requires proof of at least an intentional injury even if there is no intent to kill, *see United States v. Quintero*, 21 F.3d 885, 890 (9th Cir. 1994) ("To convict a defendant charged with murder of voluntary manslaughter, the government must prove that (1) the defendant *intentionally inflicted an injury upon another* from which the other died; and (2)

the homicide was committed without justification or excuse." (emphasis added)).

A murder defendant becomes entitled to an instruction on the lesser included offense of voluntary manslaughter if he produces evidence "that the defendant was acting out of passion rather than malice." *United States v. Begay*, 673 F.3d 1038, 1045 (9th Cir. 2011) (quoting *id.*). Another post-*Paul* panel has noted that passion and malice both imply the mental state of intent. *See Kleeman v. U.S. Parole Comm'n*, 125 F.3d 725, 731 (9th Cir. 1997) (citing *Paul*, 37 F.3d at 499) ("If a defendant kills *with the mental state required for murder*, but does so in the 'heat of passion' caused by adequate provocation, then the defendant is guilty of voluntary manslaughter." (emphasis added)). "*Intent without malice*, not the heat of passion, is the defining characteristic of voluntary manslaughter." *Id.* (quoting *Quintero*, 21 F.3d at 890) (emphasis added). And it is not even clear that the *Paul* panel's statement that voluntary manslaughter can be committed via mere recklessness as to the result of death is correct. *See Wakaksan v. United States*, 367 F.3d 639, 645 (8th Cir. 1966) ("Voluntary manslaughter is an unlawful, intentional killing committed without malice aforethought, while in a sudden heat of passion due to adequate provocation. . . . An essential element of the prosecution's case was to establish that the appellant intentionally caused the death of the victim.").

The jury instructions in this case, however, permitted a conviction based alternatively on intentional killing or recklessness, i.e., "recklessly with extreme disregard for human life." The Circuit's model jury instruction's alternative recklessness language—which is based on the *Paul* case—may or may not be correct based on the weight of the case law, but it was given in this case. Still, it appears clear that a voluntary manslaughter conviction cannot have occurred without at least an intent to cause some injury, and the requirement that the defendant's acts leading to the death of the victim be the result of "passion" or "provocation" and recklessness "with extreme disregard for human life" sufficiently communicated to the jury the requirement of

an intent to cause some injury to the victim.  The Court realizes that the question is difficult and therefore issues a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 139, 142) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED.

Dated January 4, 2017.

                                                  _____
                                                  ROBERT C. JONES
                                                  United States District Judge