# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DANIEL JAMES DRAPER, ) <br> ) <br> Defendant. ) <br> ) | 3:12-cr-00004-RCJ-VPC <br><br> **ORDER** |

Pending before the Court is Defendant Daniel James Draper's Renewed Motion to Vacate, submitted as a notice to "preserve the filing date" of his previous motion. (Dkt. 168 at 1); (*see also* Dkt. 142). For the following reasons, the motion is **DENIED** as **MOOT**.

At the time the pending renewal was filed, this Court's Order denying Draper's original motion seeking relief under 28 U.S.C. § 2255 was on appeal at the Ninth Circuit. (Dkt. 146); (*see also* Dkt. 143). Draper's renewed motion is concerned only with "maintain[ing] that his § 2255 petition was timely filed . . . in the event the government or any court asserts it was not[.]" (Dkt. 172 at 4). Worried that the timeliness of his original motion may arise as an issue during appellate proceedings, Draper submitted the pending motion to "renew[] and incorporate[] all the claims raised in his original petition as of this date to ensure that that they are filed" in a timely manner. (Dkt. 168 at 2).

As a result, the Ninth Circuit then issued an order requiring Draper to submit a status report concerning his renewed motion explaining the effect of its reliance on "an additional Supreme

Court ruling, *United States v. Davis*, 139 S. Ct. 2319 (2019)," on appellate proceedings.[1] (Dkt. 171 at 2). Draper's status report indicated that "it is not yet known if the timeliness of Mr. Draper's initial § 2255 motion will be dispositive," and he asked this Court "to hold in abeyance his Renewed Motion to Vacate, Set Aside, or Correct Sentence until the appeal is resolved." (Dkt. 172 at 5). Draper also assured the Court that "[d]efense counsel will file a status report within 14 days of resolution of his appeal in the Ninth Circuit, regarding his Renewed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255." (*Id.*).

On October 17, 2023, the Ninth Circuit issued a three-judge opinion affirming this Court's denial of Draper's original motion to vacate on the grounds that "voluntary manslaughter is a crime of violence" under 18 U.S.C. § 924(c).[2] (Dkt. 173 at 2). Thus, the dispositive issue on appeal was whether Draper's claims were of any merit—not whether Draper's original motion was timely. (*See id.* at 9) (disregarding the timeliness issue raised in Draper's renewed motion as evidence by the panel's statement that it "will assume that *Davis* applies retroactively to Draper's conviction").

More than fourteen days after the Ninth Circuit's resolution of Draper's appeal, defense counsel has failed to file the promised status report on the pending motion, although the Court

---

[1] The Ninth Circuit at this time had stayed appellate proceedings "pending the outcome of a case that was considering a similar issue en banc." (Dkt. 171 at 2); (*see also* Dkt. 170).

[2] The panel relied on the en banc resolution of *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) in its ruling, which post-dated the Supreme Court's decision in *Davis*, relied on in Draper's renewed motion. The Ninth Circuit in *Begay* considered the effects of *Davis* and determined that "the inquiry in Begay's case is limited to deciding whether his murder conviction qualifies as a crime of violence under the elements clause." *Begay*, 33 F.4th at 1090.

Draper filed a brief arguing that "*Davis* applies retroactively to collateral review, in addition[] to claims that voluntary manslaughter is not a crime of violence under 18 U.S.C. § 924(c)." (Dkt. 172 at 3). Thus, it is worth noting that Draper was sufficiently able to raise the arguments at issue in his renewed motion at the time of appellate review.

does note that the panel's opinion may not be considered the final resolution as Draper has until December 1, 2023 to file a petition for rehearing. (*See* Dkt. 174). Even so, considering that the Ninth Circuit has now ruled that this Court "properly denied Draper's § 2255 motion" on substantive grounds—without raising any procedural issues of timeliness—the Court need not consider the moot issue of timeliness raised in Draper's Renewed Motion to Vacate.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Renewed Motion to Vacate, (Dkt. 168), is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated November 22, 2023.

_____
ROBERT C. JONES
United States District Judge