UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case Nos. 3:12-cr-00004-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DANIEL JAMES DRAPER, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Daniel James Draper is serving a sentence of 360 months on two counts of conviction for voluntary manslaughter within Indian Country and for using a firearm during a crime of violence causing death. (ECF No. 114.) Before the Court is Draper's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling reasons." (ECF No. 182 ("Motion").[1]) For the reasons explained below, the Court denies the Motion.

**II.   BACKGROUND**

About a week before Christmas on December 20, 2011, Draper broke into the victim's house, shot the victim, and then struck the victim with the butt of a shotgun, fracturing the victim's skull. (ECF No. 51; ECF No. 116 at 17-18.) The murder occurred with the victim's wife and other family members in the house. (*Id.*) Draper was indicted on two counts: murder within Indian country in violation of 18 U.S.C. §§ 1111, 1151 and 1152; and use of a firearm during a crime of violence causing death in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j). (ECF No. 51.) The jury convicted Draper on both counts, though they found him guilty of manslaughter as to the first count. (ECF No. 96.)

---

[1]Draper filed his Motion *pro se*. His appointed counsel supplemented the Motion to expand on the two grounds raised in the Motion. (ECF No. 193.) The government responded (ECF No. 195) and Draper replied (ECF No. 198).

The Court imposed the maximum sentence permitted under the law—180 months on count one and 180 months on count two to be served consecutively. (ECF No. 116 (explaining imposition of maximum sentence); ECF No. 114.) Draper appealed (ECF No. 110) and the United States Court of Appeals for the Ninth Circuit affirmed (ECF No. 122). Draper subsequently pursued, unsuccessfully, relief under 28 U.S.C. § 2255. (ECF Nos. 142, 143, 173.)

**III.    DISCUSSION**

Draper seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF No. 182 at 2.) This provision offers Draper a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [Bureau of Prisons ("BOP")] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The Court follows a three-step process to evaluate the Motion. First, the Court determines if Draper has satisfied the statutory prerequisites under Section 3582(c)(1)(A). Then, the Court evaluates whether Draper has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i). Finally, the Court addresses the applicable policy statements and sentencing factors under Section 3582(c)(1)(A). The Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(1)(A)(i). Here, as there is no dispute regarding the first step, the Court will primarily address the latter two steps.

### A. Statutory Prerequisites

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the court, normally done by submitting a request to the warden. *See also* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

There is no dispute Draper has exhausted his administrative remedies. On May 21, 2024, Draper submitted a request for compassionate release to the warden of the facility where he is detained, and the warden denied his request. (ECF No. 193 at 4; ECF No. 193-1; ECF No. 193-2.) "The government agrees that the defendant has exhausted his administrative remedies[.]" (ECF No. 195 at 8.) The Court thus proceeds to the other two steps of the analysis.

### B. Extraordinary and Compelling Reasons

Draper primarily offers two extraordinary and compelling reasons for a reduction in his sentence: (1) the sentence for his conviction under Section 924(c) and (j) may now run concurrently under the recent Supreme Court decision in *Lora v. United States,* 599 U.S. 453 (2023); and (2) he has served over 12 years of his sentence and has been exemplary during his time in custody. (ECF Nos. 182, 193.) The Court addresses each argument.

Draper argues that *Lora* allows for the Court to impose a section 924(j) sentence concurrently with another sentence, warranting the Court's reduction of his sentence because the Court imposed consecutive sentences. (ECF No. 193 at 5.) In *Lora,* the United States Supreme Court found that the consecutive-sentence mandate under section 924(c) does not apply to section 924(j). *See* 599 U.S. at 459. Draper insists that the Court thus had discretion to impose a concurrent sentence and should reduce his

sentence to reflect a concurrent sentence as to the two counts, citing to sentencing data. (ECF No. 193 at 5-8.) But as the government correctly points out, even if the Court had discretion to impose a concurrent sentence, the Court would not have imposed a different sentence. (ECF No. 195 at 10.) As the Court explained during the sentencing hearing, the Court would have to impose "the maximum sentence that [the Court is] permitted to under the law." (ECF No. 116 at 36.) The Court further explained:

> Even though you were in passion, you kicked in a window, you entered the man's home where you knew he was, as well as others, you risked their lives, and at the final moment, you intended to take his life. . .
>
> You did it, as I must agree with the prosecutor, in a deliberate, brutal fashion. You shot him first with a shotgun. And then as he fell in front of you, you struck him on the head, breaking his skull and breaking the butt of the gun.

(ECF No. 116 at 39.) And after explaining the reason for an upward variance as to count one, the Court concluded: "So you're going to receive 30 years from me . . . because of the heinous nature of this offense."[2] (*Id.* at 40.) The Court would not have imposed a lesser sentence even if the Court had discretion to impose a sentence for count two that is concurrent to the sentence for count one.

Draper next argues that the Section 3553(a) factors warrant a reduction in his sentence. (ECF No. 193 at 8-12.) Draper's *pro se* Motion cites to his records during his approximately 12 years in custody, including his detention at a low security facility, his participation in various programs and his steady employment (ECF No. 182 at 1-2); and

---

[2]In affirming the Court's decision, the Ninth Circuit found that the sentence, including the upward variance as to count one "was not substantially unreasonable." (ECF No. 122 at 4.) The Ninth Circuit further noted:

> While Draper appears to have led a relatively peaceful life and enjoyed strong community support, the district court did not abuse its discretion in imposing the statutory maximum sentence in light of the brutal nature of the crime and Draper's apparent lack of remorse.

(ECF No. 122 at 4.)

4

his counsel supplemented this argument to elaborate on his personal circumstances, including his hope to help care for his aging mother who has been receiving treatment for Leukemia since 2020 and his ability to support himself when he is released (ECF No. 193 at 8-12). The government counters that Draper has received multiple infractions while incarcerated, as he admits, he has not exhibited remorse, and the other circumstances that led the Court to impose the sentence Draper received have not changed. (ECF No. 195 at 12.) The Court agrees with the government. While it is unfortunate that Draper's mother is going through treatment, Draper has not demonstrated that these unfortunate life events, without more, amount to extraordinary and compelling reasons to warrant a reduction in his sentence given the reasons for the imposition of the sentence in the first place.

Because none of Draper's stated justifications constitute extraordinary and compelling reasons within the meaning of Section 3582(c)(2), the Court will deny the Motion.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Draper's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 182) is denied.

DATED THIS 30th Day of August 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE