UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL JAMES DRAPER,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

Case Nos. 3:12-cr-00004-MMD-VPC
3:24-cv-00038-MMD

ORDER

The Court previously denied Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 as successive. (ECF No. 188 ("Order").) The Court denies Petitioner's current motion (ECF No. 212 ("Motion"))[1] for the same reason. Petitioner's Motion identifies four issues relating to his conviction and sentence and his trial counsel's performance: exclusion of evidence at trial supporting self-defense; trial counsel's failure to call witnesses; denial of self-defense jury instruction; and sentencing. (*Id.* at 1-2.) Petitioner contends these issues support his claim that his constitutional rights were violated, including right to a fair trial and to present evidence. (*Id.* at 2.) Petitioner does not title his Motion as a motion to vacate or set aside his conviction and sentence, but his Motion challenges his conviction and sentence, and the only means for doing so after his direct appeal is under 28 U.S.C. § 2255.[2] Petitioner previously submitted another motion to vacate under Section 2255 in 2015 (ECF No. 127), and he has not obtained an order from the Court of Appeals authorizing this Court to consider a second petition under the same statute.

---

[1]The government responded (ECF No. 214) and Petitioner replied (ECF No. 215).

[2]A federal prisoner may seek relief under 28 U.S.C. § 2255 if: 1) "the sentence was imposed in violation of the Constitution or laws of the United States;" 2) "the court was without jurisdiction to impose such sentence;" 3) "the sentence was in excess of the maximum authorized by law;" 4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Before this Court may consider a second or successive motion under 28 U.S.C. § 2255, the Ninth Circuit Court of Appeals must certify the second or successive motion according to the requirements under 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h); *Jones v. United States*, 36 F.4th 974, 981 (9th Cir. 2022). To obtain certification, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). The applicant must demonstrate that the successive motion contains either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). Petitioner's Motion has not been certified by the Ninth Circuit.

It is therefore ordered that Petitioner Draper's Motion (ECF No. 212) is denied for lack of certification. If Petitioner wishes for the Court to hear this or another successive motion under Section 2255, he should first move for certification in the Ninth Circuit Court of Appeals by demonstrating that he has met the requirements of Section 2255(h).

DATED THIS 31st Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2